UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **ALLEN JEROME THOMAS,** § | |
| § | |
| **Plaintiff,** § | |
| § | CIV NO. 4:08-cv-529 |
| v. § | |
| § | |
| **JUDGE TED POE AND LARRY** § | |
| **THOMAS,** § | |
| § | |
| **Defendants.** § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Poe's Motion to Dismiss. For the following reasons, Defendant's Motion, Doc. No. 6 must be granted, and Plaintiff's claims against Defendant Poe must be dismissed.

### I.   BACKGROUND

Plaintiff is a former state prisoner acting *pro se*. Plaintiff alleges violations of his rights under the Fifth and Fourteenth Amendments to the U.S. Constitution and violations of the Texas Constitution. Plaintiff's claims appear to arise from his plea of guilty to a charge of burglary of a habitation in the 228th Harris County District Court. Plaintiff has not specified the date on which he entered his plea. He was indicted on April 24, 1991, and it therefore seems likely that he entered his plea within a few years of the indictment.

Plaintiff filed his complaint January 2, 2008. Plaintiff effected service on Defendant Poe in March 2008. Plaintiff also named as a Defendant Larry Thomas, his former attorney. Plaintiff has not yet served Mr. Thomas. Defendant Poe filed his Motion to Dismiss on April 8, 2008. The Court originally set an initial conference in this case for April 4, 2008. The conference was rescheduled for May 20, 2008 because Plaintiff had not yet served Defendant Thomas.

Subsequent to April 4, 2008, but prior to May 20, 2008, Plaintiff appeared before the Court because he believed the initial conference to be set for that date. The Court informed Plaintiff of the correct initial conference date, and also reminded Plaintiff of the need to respond to Defendant Poe's pending Motion. Neither Plaintiff nor Defendant Poe appeared for the May 20, 2008 initial conference. Plaintiff has not responded to Defendant Poe's pending Motion.

## II. DEFENDANT POE'S MOTION TO DISMISS

At the time of Plaintiff's guilty plea, Defendant Poe was the elected judge of the 228th Harris County District Court. Plaintiff alleges that Defendant Poe violated his constitutional rights by sentencing him for a charge for which he was not arrested, charged, or arraigned. Plaintiff acknowledges, and his indictment reflects, that he was charged with entering a habitation with intent to commit theft. Until 1993, this was an offense that constituted burglary in the first degree under Texas law.[1] Historical and statutory notes, TEXAS PENAL CODE § 30.02 (Vernons 2003). The Texas Legislature amended the Penal Code in 1993, however, making the same offense a felony of the second degree.

Defendant Poe, as an elected state judge, is entitled to absolute judicial immunity from tort liability for judicial acts, even if erroneous, unless the act is performed in the clear absence of all jurisdiction. *City of Houston v. West Capital Financial Services Corp.*, 961 S.W.2d 687 (Tex. App.-Houston [1 Dist.] 1998) (citing *Turner v. Pruitt*, 342 S.W.2d 422, 423 (1961). The Supreme Court and Fifth Circuit have also held that judges are entitled to absolute immunity from suit unless there is clear absence of all jurisdiction. *See, e.g., Stump v. Sparkman*, 435 U.S. 349, 357 (1978); *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 634 (5th Cir.

---

[1] This section of the Penal Code was amended in 1993, and subsequent to that date, the same offense constitutes a felony of the *second* degree. Texas Penal Code § 30.02 (Vernon's 2003). Plaintiff appears to rely on the Code as Amended in 1999 as the basis for his Complaint.

2

2000). Plaintiff has not alleged and cannot allege that Judge Poe lacked jurisdiction over his felony case.

Furthermore, it appears that Plaintiff's claims under 42 U.S.C. § 1983 may be barred by the relevant statute of limitations. Federal courts apply the forum state statute of limitations for personal injury to Section 1983 claims; federal law determines the date of accrual. *See Owens v. Okure*, 488 U.S. 235, 239241 (1989); *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989). The time for accrual "is when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Burrell*, 883 F.2d at 418. The statute of limitations in Texas is two years. *Id.* at 419. From the face of the complaint, it appears that Plaintiff pled guilty to the charge at issue, and thus had reason to know of the injury, well before January 2, 2006 (two years before he filed this Complaint). Imprisonment is not considered a legal disability in Texas, and therefore does not toll the statute of limitations. *Burrell*, 883 F.2d at 419 (citing Acts 1987, 70th Leg., ch. 1049, § 56; TEX. CIV. PRAC. & REM. CODE ANN. § 16.001 (West Supp.1989)). Plaintiff does mention in his Complaint that he suffered from "Bipolar/Manic Depression" at the time he committed the offense. "A person has a legal disability warranting tolling under Texas law where that person is of 'unsound mind' at the time that an action accrues." *Aduddle v. Body*, No. 07-20190, 2008 WL 1983379 (5th Cir. May 7, 2008) (unpublished) (citing TEX. CIV. PRAC. & REM.CODE ANN. § 16.001(a)(2) and (b); *Grace v. Colorito*, 4 S.W.3d 765, 769 (Tex. Ct. App. 1999). It is not clear from the Complaint if Plaintiff intends to argue that the statute of limitations should be tolled based on mental disability.

Even assuming for the sake of argument that the statute of limitations should be tolled, Plaintiff has not stated a claim against Defendant Poe. The only allegation against Defendant Poe is that the Judge unlawfully sentenced Plaintiff for a burglary in the first degree. Plaintiff committed his offense in 1991. Based on the relevant Texas law in effect at the time of the

3

offense, it was proper to sentence Plaintiff for first degree burglary based on the charges in the indictment.

Plaintiff's claims against Defendant Poe are, therefore, **DISMISSED**.

### III.   SERVICE ON DEFENDANT THOMAS

Plaintiff filed this lawsuit on January 2, 2008. Plaintiff has failed to serve Defendant Thomas within 120 days of filing suit, as required by Federal Rule of Civil Procedure 4(m). FED. R. CIV. P. 4(m) (2008). "If a defendant is not served within 120 days after the complaint is filed the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice or order that service be made within a specified time." *Id.*

The Court orders Plaintiff to serve Defendant Thomas no later than August 1, 2008 or to provide the Court with good cause explaining his failure to make such service. If Plaintiff does not serve Defendant Thomas by that date or provide the Court with good cause, the Court will dismiss Plaintiff's claims against Defendant Thomas without prejudice.

### IV.   CONCLUSION

Defendant Poe's Motion to Dismiss, Doc. No. 6, is **GRANTED**, and Defendant Poe is **DISMISSED WITH PREJUDICE**. Plaintiff shall have until August 1, 2008 to serve Defendant Thomas.

**IT IS SO ORDERED.**

**SIGNED** this 23rd day of June, 2008.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE